The opinion of the Court was delivered by
Bermudez, C. J.
This is an injunction suit coupled with a prayer for damages.
The plaintiffs substantially allege that they have been in the peaceable and undisturbed possession, use and enjoyment of a certain parcel of ground for more than five years previous to the institution of their action ; that they have the right so to continue, for the term of their life, by virtue of a certain title, attached as part of the petition, which emanates from the owner of the land, and which confers on them a “ life, estate; ” that said title was duly and seasonably recorded; that they have been recently disturbed in such possession, use and enjoyment, by the defendant, who threatens to eject them by force; that he has done acts which have inflicted severe injury upon them, and that they fear he will further wrong them, unless prevented. They prayed for an injunction, which was allowed. They further asked to be quieted in their possession, and claimed $5,250 as damages sustained.
The defendant answers by a general denial, charges-the nullity of plaintiffs’ averred title, alleges possession of the property in himself, and sets up title of absolute or perfect ownership. He prays that the injunction be dissolved, that plaintiffs’ demand be rejected, that he be quieted, etc.
From a judgment in favor of plaintiffs, without damages, this appeal is taken by defendant.
The deed mentioned in plaintiffs’ petition reads as follows :
“ Bayou Salé, Parish of St Mary, June 24th, 1875.
“ I do hereby grant to Michel Salabah and his wife, Lucy Salabah, the privilege of living to the end of their'days, free of rent, on a certain piece of ground, known as the Point Field, containing about seventeen arpents. The said Michel Salabah is to enclose the same at his expense. The said tract of land is to return to me, or to my heirs, at the death of the said Michel Salabah and his wife.
[Signed] J. 0. Carlin.” „
*1054 It was subsequently recorded in the proper conveyance book.
The questions presented are, simply :
1. Whether this is a possessory, or petitory action.
2. Whether the plaintiffs have made out a case. •
We will dispose of them together.
The plaintiffs aver a title in their petition, which, they claim, has conferred upon them a “ life estate. This they did for the obvious purpose of showing that they claimed possession in their own right, as owners, and not through another. C. P. 46, 47 ; 4 An. 525. They do not ask in the prayer of their petition to be recognized as owners, but merely to he quieted in their possession.
It was not necessary for them to allege by what title they were in possession, C. P. 53; 3 An. 342; 13 L. 396; 2 L. 227; 4 An. 515; 19 L. 484; 6 An. 66; but they had a right to do so, without thereby impressing upon their action the character of a petitory one. 16 L. 44.
In an action reenperandee possessions, the fact of possession alone is at issue. However, where a plaintiff himself puts at issue his right of possession, exhibiting liis title in his petition, lie does so at his risk and peril. 4 M. 625. In such a case, if the title invoked he not on its face such as confers a right to the possession, the defendant has the undoubted right of assailing it and having it so declared, although he have not that of setting up title in himself, as owner, in the same suit. C. P. 55; 7 N. S. 488; 10 L. 140; 7 L. 415 ; 6 L. 50 ; 5 An. 690 ; 10 An. 508; 11 An. 512.
The title is, however, admissible in a mixed action, in mitigation of damages. 12 L. 415.
If, for instance, the title propounded be a lease, it is manifest, that as tenants are not entitled to bring the possessory action, the plaintiff could not recover. C. P. 48.
This is what occurs in this case. The act relied upon to establish title to possession is neither a sale nor a donation. It is not even a lease. It is simply a permission or privilege to occupy gratuitously, which constitutes the plaintiffs “ tenants at will.” The. clause touching the fencing in of the land was not inserted as a consideration, but as a release from obligation, in favor of the' grantor. It is not a sale or a lease, as no price is iixed. R. C. C. 2439, 2670. It is not a donation, because, as its object would be a real right, an imperfect ownership of immovable property, R. C. C. 490, 492, 494, 496, it should be in the authentic form. R. C. C. 470, 471, 1536, 628 ; 23 An. 243; 27 An. 534; 32 An. 839 ; 7 An. 103.
It has been held, that where such permission has been given, whether orally or in writing, under private signature, is immaterial; it does not constitute a title to an usufruct or to the right of use and enjoyment, *1055 but merely makes the grantees tenants at will, occupying for account of the owner. 32 An. 840.
The law is clear, that those who possess in the name of another, who hold by a precarious title, such as tenants, are not entitled to the possessory action when disturbed in the enjoyment of the real estate which they possess in that quality, or even when they are expelled. C. P. 48.
Our conclusion is, therefore, that although the character of the action, as determined by the prayer of the petition, be possessory in appearance, yet the plaintiffs, by their own averments, have shown that they are not entitled to the relief which they seek. An exception of no cause of action would have justified the dismissal of the suit.
The right of the defendant to assert ownership and to recover solely on that ground, could not be averred in the present action. His right to do so, in a different suit, is recognized and reserved. C. P. 55 ; 7 L. 415; 10 L. 140.
It is, therefore, ordered and decreed, that the judgment appealed from be reversed. It is now ordered, adjudged and decreed, that the injunction issued be dissolved, and that there be judgment rejecting plaintiffs’ demand, with costs in both Courts.